**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Alexis Reynolds aka Alexis Turner<br>Ty-Alter Reynolds<br><div align="center">Debtor(s)</div> | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br><div align="center">Movant</div><br>vs. | NO. 18-17773 MDC |
| Alexis Reynolds aka Alexis Turner<br>Ty-Alter Reynolds<br><div align="center">Debtor(s)</div> | 11 U.S.C. Section 362 |
| Kenneth E. West<br><div align="center">Trustee</div> | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of February 26, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,402.62.** Post-petition payments received after February 26, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2024 through February 2024 at $603.46/month |
| Suspense Balance: | ($104.30) |
| Fees & Costs Relating to Default: | $300.00 |
| **Total Post-Petition Arrears** | **$1,402.62** |

2. Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on March 2024 and continuing through August 2024, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$603.46** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$233.77** towards the arrearages on or before the last day of each month at the address below;

<div align="center">PENNSYLVANIA HOUSING FINANCE AGENCY</div>

211 North Front Street
PO BOX 15057
Harrisburg, PA 17105

      b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

      3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

      4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

      5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

      6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

      7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

      8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 28, 2024

                                              **/s/ Mark A. Cronin, Esquire**
                                              Mark A. Cronin, Esquire
                                              Attorney for Movant

Date:  March 6, 2024

                                              *Michael D. Sayles*
                                              Michael D. Sayles
                                              Attorney for Debtor(s)
                                              No Objection

Date:  March 8, 2024

                                              /s/ LeeAne O. Huggins
                                              Kenneth E. West, Esquire
                                              Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2024.  However, the court retains discretion regarding entry of any further order.

                                              _____
                                              Bankruptcy Judge
                                              Magdeline D. Coleman