United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-17773-mdc |
| Ty-Alter Reynolds | Chapter 13 |
| Alexis Reynolds | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 12, 2024 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 14, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Ty-Alter Reynolds, Alexis Reynolds, 4662 Horrocks Street, Philadelphia, PA 19124-3117 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 14, 2024      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 12, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| LEON P. HALLER | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com;khousman@pkh.com |
| MARK A. CRONIN | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com |
| MICHAEL D. SAYLES | on behalf of Joint Debtor Alexis Reynolds midusa1@comcast.net michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com |
| MICHAEL D. SAYLES | on behalf of Debtor Ty-Alter Reynolds midusa1@comcast.net michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com |

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Mar 12, 2024 | Form ID: pdf900 | Total Noticed: 1

REGINA COHEN
    on behalf of Creditor Ally Bank rcohen@lavin-law.com mmalone@lavin-law.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM EDWARD CRAIG
    on behalf of Creditor Santander Consumer USA Inc wcraig@egalawfirm.com mortoncraigecf@gmail.com

TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Alexis Reynolds aka Alexis Turner<br>Ty-Alter Reynolds<br>                Debtor(s) | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>                Movant<br>vs. | NO. 18-17773 MDC |
| Alexis Reynolds aka Alexis Turner<br>Ty-Alter Reynolds<br>                Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West<br>                Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of February 26, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,402.62.** Post-petition payments received after February 26, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2024 through February 2024 at $603.46/month |
| Suspense Balance: | ($104.30) |
| Fees & Costs Relating to Default: | $300.00 |
| **Total Post-Petition Arrears** | **$1,402.62** |

2. Debtor(s) shall cure said arrearages in the following manner;

    a). Beginning on March 2024 and continuing through August 2024, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$603.46** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$233.77** towards the arrearages on or before the last day of each month at the address below;

PENNSYLVANIA HOUSING FINANCE AGENCY

211 North Front Street<br>
PO BOX 15057<br>
Harrisburg, PA 17105

       b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

       3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

       4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

       5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

       6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

       7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

       8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  February 28, 2024

                                             **/s/ Mark A. Cronin, Esquire**
                                             Mark A. Cronin, Esquire
                                             Attorney for Movant

Date: March 6, 2024

                                             *Michael D. Sayles*
                                             Michael D. Sayles
                                             Attorney for Debtor(s)
                                             No Objection

Date:  March 8, 2024

                                             /s/ LeeAne O. Huggins
                                             Kenneth E. West, Esquire
                                             Chapter 13 Trustee

Approved by the Court this 11th day of March, 2024. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*
Bankruptcy Judge
Magdeline D. Coleman